

C. Frederick Overby, Esq.
OVERBY LAW OFFICE, P.C.
101 East Main Street, Suite C
Bozeman, Montana  59715
Telephone:  (406) 994-0000
Facsimile:  (406) 585-5888

*Attorney for Plaintiff*

IN THE THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY
STATE OF MONTANA
\* \* \* \* \*

| | | |
|---|---|---|
| ROBERT G. FERRELL, | ) | Cause No. D V - 1 3 - 0 4 0 9 |
| Plaintiff, | ) | RUSSELL C. FAGG |
| vs. | ) | **SUMMONS** |
| NELSON TRUCKING CO., INC., | ) | |
| Defendant. | ) | |

THE STATE OF MONTANA TO THE ABOVE NAMED DEFENDANT NELSON TRUCKING
CO., INC., GREETINGS:

You are hereby summoned to answer the Complaint in this action which is filed in the office of the

Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy

thereof upon the Plaintiff's attorney at the address shown on the Complaint.

Pursuant to Rule 12(a)(1)(A) of the M.R.Civ.P. you must answer within twenty-one (21) days,

exclusive of the date of service.  If you fail to answer within twenty-one (21) days after service of the

Complaint and Summons, the Plaintiffs will request judgment be taken against you by default for the relief

demanded in the Complaint.

**EXHIBIT A**

GIVEN under my hand and the seal of said Court, this _1st_ day of _April_ ,2013.

KRISTIE LEE BOELTER
Clerk of the District Court

JUDGE / Clerk of Court

by: _Kim Ogimo_

Deputy

Defendant's Address for Service:

Ms. Margy Bonner
Attorney At Law
315 North 24th Street
Billings, MT 59103-0849

[2]



C. Frederick Overby, Esq.
OVERBY LAW OFFICE, P.C.
101 East Main Street, Suite C
Bozeman, Montana 59715
Telephone: (406) 994-0000
Facsimile: (406) 585-5888

*Attorney for Plaintiff*

CLERK OF THE
DISTRICT COURT
KRISTIE LEE GOFLTER
2013 APR 1 PM 1 02
FILED
BY
DEPUTY

IN THE THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY
STATE OF MONTANA
* * * * *

| | |
|---|---|
| ROBERT G. FERRELL, | ) Cause No. D V - 1 3 - 0 4 0 9 |
| Plaintiff, | ) |
| | ) RUSSELL C. FAGG |
| vs. | ) COMPLAINT FOR DAMAGES |
| NELSON TRUCKING CO., INC., | ) |
| Defendant. | ) |

COMES NOW the Plaintiff in the above-captioned matter, acting by and through his attorney

and files this Complaint for Damages showing unto this Court the following:

## I. PARTIES, JURISDICTION AND VENUE

1.

At the time of the collision giving rise to this legal action, Plaintiff Robert G. Ferrell was a resident

of Mount Airy, Georgia. He currently resides in Cornelia, Georgia.

2.

Defendant Nelson Trucking Company, Inc. ("Nelson Trucking") is a corporation in the State of

Washington, with its principal place of business located at 9777 Martin Luther King Jr. Way, Seattle, WA.

Defendant Nelson Trucking Co., Inc. may be served with process in the State of Montana by serving its designated registered agent for service, Ms. Margy Bonner, Attorney at Law, 315 N. 24th Street, Billings, MT 59103-0849.

3.

Venue is proper in this Court as to Defendant Nelson Trucking Co., Inc. pursuant to M.C.A. § 25-2-122(2)(c), as it is the county in which the corporation's resident agent is located, as required by law.

4.

Defendant Nelson Trucking Co., Inc. is subject to the jurisdiction of this Court, because this Defendant does business in and through Yellowstone County and the State of Montana and because this Defendant maintains a properly designated registered agent for service of process in this State and County.

## II. OPERATIVE FACTS

5.

On or about April 27, 2010 at the time of the collision complained of in this case, Defendant Nelson Trucking's driver, Ronald Herrell, deceased, was acting in his capacity as agent and employee of Defendant Nelson Trucking and was acting as a professional truck driver, operating a 1994 Kenworth tractor trailer rig owned by Nelson Trucking southbound on Hwy 28 between the towns of Hot Springs and Niarada, Montana.

6.

The tractor trailer rig was owned and operated for the benefit of Defendant Nelson Trucking in furtherance of this company's transportation business which was operated as an interstate motor carrier hauling cargo for hire.

7.

Plaintiff Robert Ferrell was a front seat passenger in a 2002 Freightliner tractor trailer rig also

[2]

traveling southbound on Hwy 28. The section of highway located between mile markers 30 and 31, where the subject collision took place, was a construction zone which consisted of several miles of unpaved dirt road. The posted speed limit through this particular section of construction work was 35 mph.

8.

As the Plaintiff's tractor trailer entered the area of highway between mile marker 30 and 31, the dust being kicked up in the construction zone became thick and visibility was severely impaired. The driver of the tractor trailer rig in which Plaintiff Ferrell was a passenger in slowed considerably to a speed suitable for the visibility and road conditions. At approximately the same time frame, Defendant Nelson Trucking's driver entered the same section of construction work following behind Plaintiff Ferrell's rig. Defendant Nelson Trucking's driver was traveling at a speed significantly higher than the posted limit of 35 mph and additionally did not slow to allow for the reduced visibility. Subsequently, Defendant Nelson Trucking did not see Plaintiff's rig in time to slow down and collided with the rear of the Plaintiff's rig at a high rate of speed.

9.

Consequently, the negligent and tortious failure of Defendant Nelson Trucking's driver to properly operate the rig he was driving in the course and scope of his employment for Defendant Nelson Trucking was the cause of the collision wherein he was killed and Plaintiff Robert Ferrell sustained serious and painful injuries to his body and mind from which he did then suffer, does now suffer, and will continue to suffer in the future.

10.

Defendant Nelson Trucking as motor carrier is required to comply with all aspects of the Federal Motor Carrier Safety Regulations, as promulgated by the applicable federal regulatory agency.

### III. LIABILITY OF THE DEFENDANT

[3]

11.

The named Defendant Nelson Trucking is liable for the following tortious acts and omissions committed by and through its hired driver and further committed by and through the Defendant corporation's other agents and officers which tortious acts and omissions include, but are not limited to the following:

a)   Liability under the doctrines of respondeat superior and agency law for the tortious acts and omissions committed by and through its employee driver;

b)   Liability under the doctrine of respondeat superior and agency law for the tortious acts and omissions of other agents, officers, and employees of Defendant Nelson Trucking;

c)   Liability as the owner and operator of a vehicle driven negligently by its employee;

d)   Liability for negligently and tortiously hiring, retaining, and entrusting its employee driver with a tractor trailer rig, when he was a reckless, dangerous and incompetent driver, unfit for operation of a tractor trailer rig in interstate transportation;

e)   Liability for failure to comply with the Federal Motor Carrier Safety Regulations to include, but not be limited to: 49 CFR Section 391.11 and 49 CFR Section 392.14; same constituting negligence per se; and

f)   Liability for its driver's negligent violation of certain traffic laws of the State of Montana to include M.C.A. § 61-8-301, 61-8-302 and 61-8-303; same constituting negligence per se.

12.

Defendant Nelson Trucking is liable pursuant to M.C.A. § 61-6-201 for the following tortious acts and omissions committed by its employee driver to include but not be limited to the following;

a)   Liability for the negligent and tortious failure to keep the tractor trailer rig under control and in its proper lane of travel;

[4]

b)   Liability for negligently failing to exercise due care and caution in the operation of the tractor trailer rig due to slowing traffic ahead;

c)   Liability for negligently and tortiously operating the tractor trailer rig at a speed which was higher than the posted construction zone speed limit and faster than reasonable and prudent under existing conditions;

d)   Liability for the negligent and tortious failure to comply with the Federal Motor Carrier Safety Regulations to include, but not be limited to: 49 CFR Section 392.14; same constituting negligence per se; and

d)   Liability for the negligent and tortious violation of certain traffic laws of the State of Montana; same constituting negligence per se to include but not be limited to M.C.A. § 61-8-301 Reckless Driving – reckless endangerment of a highway worker; 61-8-302 Careless Driving; and 61-8-303 Speed Restrictions.

13.

The Plaintiff's injuries and damages were solely and proximately caused by the joint and several tortious and wrongful acts and omissions of the named Defendant acting by and through its driver and other agents, officers, and employees of Defendant Nelson Trucking.

## IV. CLAIM FOR DAMAGES

14.

As a consequence of the injuries solely and proximately caused by Defendant, Plaintiff Robert Ferrell has suffered mentally and physically. Plaintiff's injuries are permanent and he will continue to suffer and incur damages for the remainder of his life. He claims damages as follows:

a)   Compensatory Damages for all components of physical and mental suffering, past, present, and future as authorized by applicable law;

[5]

b)    Compensatory damages for loss of established course of life;

c)    Special damages for past medical expenses;

d)    Special damages for future medical expenses and medical attention; and

e)    Any other damages, as determined to be just and appropriate by the Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a)    That summons be issued requiring the named Defendant to be and appear as provided by law to answer Plaintiff's Complaint;

b)    That Plaintiff have a trial by jury;

c)    That Plaintiff recover general compensatory damages for all elements of the mental and physical pain and suffering, past, present and future endured by the Plaintiff;

d)    That Plaintiff recover special damages for past and future medical and other necessary expenses resulting from the injuries which were proximately caused by the tortious acts and omissions of Defendants;

e)    That Plaintiff recover any additional damages as determined to be appropriate by the Court, and in an amount as specified by the jury;

f)    That all costs be cast against the Defendants; and

g)    For such other and further relief as this Court shall deem just and appropriate.

Respectfully submitted this 28th day of March, 2013.

OVERBY LAW OFFICE, P.C.

By: _____

C. Frederick Overby
*Attorney for Plaintiff*

[6]

C. Frederick Overby, Esq.
OVERBY LAW OFFICE, P.C.
101 East Main Street, Suite C
Bozeman, Montana  59715
Telephone:  (406) 994-0000
Facsimile:  (406) 585-5888

*Attorney for Plaintiff*


IN THE THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY
STATE OF MONTANA
* * * * *

| | | |
|---|---|---|
| ROBERT G. FERRELL, | ) | |
| | ) | Cause No.  DV-13-0409 |
| Plaintiff, | ) | |
| | ) | Judge Russell C. Fagg |
| vs. | ) | |
| | ) | **PLAINTIFF'S FIRST CONTINUING** |
| NELSON TRUCKING CO., INC., | ) | **INTERROGATORIES TO** |
| | ) | **DEFENDANT NELSON TRUCKING** |
| Defendant. | ) | **CO., INC.** |

**PROPOUNDING PARTY:**  ROBERT G. FERRELL

**RESPONDING PARTY:**  NELSON TRUCKING CO., INC.

COMES NOW the Plaintiff in the above-styled action and serve these Interrogatories upon the above-named Defendant as an opposite party and request that they be fully answered in writing and under oath within forty-five (45) days of the date of service.  These Interrogatories are served pursuant to Rule 33(a) of the Montana Rules of Civil Procedure.  These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or there be any other witness(es) or evidence.  Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge

and information of the Defendant's attorneys, investigators, agents, employees and other representatives. If Defendant is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes or statistical calculations.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.     "**Occurrence**" refers to the collision made the basis of the Complaint.

4.     (a)     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)     "**Identify**" with respect to any "**document**" or any reference to stating the

[2]

"identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

**INTERROGATORY NO. 1:**        State the names and addresses of the following officers and employees of Defendant Nelson Trucking Co., Inc.:

a)    President; and

b)    All persons who have investigated the subject collision or discussed the subject collision with the driver of the vehicle involved in this collision.

**ANSWER.**

**INTERROGATORY NO. 2:**        State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to Defendant for the claims made in this lawsuit:

a)    Name of each insurance company issuing policy;

b)    Applicable liability limits concerning each policy;

c)    Names of all persons/business entities insured under each policy; and

d)    Policy number of each policy.

**ANSWER.**

**INTERROGATORY NO. 3:**        Please state whether or not your employee, Ronald Herrell, deceased, negligently caused the subject occurrence. If your answer is in any way in the

[3]

negative, please explain the basis for such contention.

**ANSWER.**

**INTERROGATORY NO. 4:**      Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issue of liability in this case.  Please include a brief description of the nature of such person's knowledge.  (For example:  eyewitness, investigating police officer, medical personnel, etc.)

**ANSWER:**

**INTERROGATORY NO. 5:**      Please state whether any of the above witnesses gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit.  If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.).  Also, identify the taker and present custodian of such statement(s).

**ANSWER.**

**INTERROGATORY NO. 6:**      Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information concerning Plaintiff's health condition prior to or subsequent to the collision in this case, information relating to Plaintiff's physical and mental suffering as a result of this collision, or any information concerning the issue of damages in this litigation.

**ANSWER:**

**INTERROGATORY NO. 7:**      Please identify the following individuals for

[4]

Defendant of as of the date of the occurrence and at present:

a)      Safety director;

b)      Person(s) responsible for training employee/drivers;

c)      Person(s) responsible for supervising employee/drivers; and

d)      Person(s) responsible for interviewing and/or hiring drivers generally and Ronald
        Herrell, if different.

**ANSWER:**

**INTERROGATORY NO. 8:**      Please state whether or not Defendant, their agents,
their attorneys, or their insurers, on their own or through any other person, obtain information,
from any private source or governmental agency, about the driving history, driving violations,
criminal violations, motor vehicle record, or other driving qualifications of the persons employed
to drive its trucks/vehicles. If so, please state, by job title, to which employees this inquiry
applies, from whom this information is obtained (including, but not limited to any governmental
agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be
obtained. Also, please state the same as to each person through which such information was
requested or obtained concerning the driver involved in the subject occurrence and the dates upon
which such information was obtained concerning the driver operating the truck involved in the
subject occurrence.

**ANSWER.**

**INTERROGATORY NO. 9:**      Please state whether the information described in
your response to the preceding Interrogatory was ever obtained concerning driver Ronald Herrell,
deceased and his qualification or lack thereof to drive for Defendant Nelson Trucking Co., Inc. on

[5]

the date in question.

ANSWER.

**INTERROGATORY NO. 10:**     Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of Defendant, its attorneys, or its insurers.

ANSWER.

**INTERROGATORY NO. 11:**     Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

a)     Identify the subject matter of which he or she is expected to testify;

b)     Identify the substance of the facts and opinions as to which he or she is expected to testify;

c)     Summarize the grounds for such opinions; and

d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

ANSWER.

**INTERROGATORY NO. 12:**     As to the vehicle involved in the occurrence, please state the following information:

a)     Manufacturer, make, model, year and vehicle identification number (VIN);

b)     Entity to whom the vehicle was titled as of the date of the occurrence and at present;

[6]

and

c)    Present location.

**ANSWER.**

**INTERROGATORY NO. 13:**    Please state whether or not at the time and place of the subject occurrence driver Ronald Herrell, deceased, was an agent and/or employee/servant of Defendant acting within the course and scope of his employment or agency at the time of the collision.  If your answer to this Interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Mr. Herrell was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state any facts that support your contention.

**ANSWER.**

**INTERROGATORY NO. 14:**    Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions.

**ANSWER.**

**INTERROGATORY NO. 15:**    Please state whether or not Defendant Nelson Trucking Co., Inc., its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, of the vehicles involved, or which in any way illustrate any facts relevant to the occurrence.  As to each item, please state the following:

[7]

a)    The nature of such item;

b)    How many of such items exist (for example, 15 photographs);

c)    The name, address and employer of the person making or supplying such item; and

d)    The identity of the person who presently possesses such item.

**ANSWER.**

**INTERROGATORY NO. 16:**    Please state whether or not an accident/incident report was made by or on behalf of any of the companies' representatives in connection with the subject occurrence, and if so, the place where such report is located.

**ANSWER.**

**INTERROGATORY NO. 17:**    Please state whether or not the subject vehicle had any mechanical defects at the time of the occurrence in question and if so, the nature of any defects.

**ANSWER.**

**INTERROGATORY NO. 18:**    Please state in detail how the representatives of the companies sued contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by driver Ronald Herrell, deceased, his destination, and from where he left.

**ANSWER.**

**INTERROGATORY NO. 19:**  Please state whether the tractor trailer rig being operated by Mr. Herrell was equipped with any onboard recording device, or was monitored by any satellite tracking system, which recorded the movement and progress made on trips by Mr. Herrell.  If so, please list the manufacturer of such onboard recorder or satellite tracking system along with the name of the person with present custody of such information recorded or monitored relating to the

-8-

trip made at the time of the subsequent collision.

**ANSWER:**

Signed and dated this 3rd day of April, 2013.

OVERBY LAW OFFICE, P.C.

By: _____

C. Frederick Overby
*Attorney for the Plaintiff*

C. Frederick Overby, Esq.
OVERBY LAW OFFICE, P.C.
101 East Main Street, Suite C
Bozeman, Montana  59715
Telephone:  (406) 994-0000
Facsimile:  (406) 585-5888

*Attorney for Plaintiff*


IN THE THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY
STATE OF MONTANA
* * * * *

| | | |
|---|---|---|
| ROBERT G. FERRELL, | ) | Cause No.  DV-13-0409 |
| Plaintiff, | ) | |
| | ) | Judge Russell C. Fagg |
| vs. | ) | |
| | ) | **PLAINTIFF'S FIRST SET OF** |
| NELSON TRUCKING CO., INC., | ) | **REQUESTS FOR PRODUCTION TO** |
| | ) | **DEFENDANT NELSON TRUCKING** |
| Defendant. | ) | **CO., INC.** |


COMES NOW the Plaintiff and serve these Requests for Production upon the named

Defendant and request that they be fully answered in writing and under oath within forty-five (45)

days of the date of service.  Each Request is addressed to the personal knowledge of the

Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators,

agents, employees and other representatives.  If Defendant is unable to comply with a Request

completely, the Request should be produced as fully as possible.  When a Request is directed to

Defendant, the Request is also directed to the aforementioned persons.  These Requests shall be

deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

[1]

If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

These Requests are made for production of the documents by mail. If documents are voluminous, please contact Plaintiffs' counsel to arrange an alternative production. The documents to be produced are the following:

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of all witness statements obtained from any person, about any information relevant to any issue in this lawsuit, or the subject collision, including but not limited to, the issues of liability or damages.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 2:** Please produce copies of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other photographic or demonstrative evidence concerning the subject collision and concerning any of the issues relevant in this lawsuit, to include but not be limited to the issues of liability and damages.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 3:** Please produce copies of Defendant Nelson Trucking Co., Inc.'s complete inter-company investigative file concerning the subject collision and this lawsuit. Also, please produce a copy of any incident report prepared by Defendant or on its behalf.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 4:** Please produce a complete and certified copy

[2]

of all policies of insurance (to include the declarations pages) which do or may afford liability insurance coverage to Defendant with respect to Plaintiff's claims against Defendant. This Request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of all reports received from any experts who have investigated any issue relevant to the subject collision and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 6:** Please produce the complete personnel file and/or driver qualification file of driver Ronald Herrell, deceased, to include all applications for employment, payroll records pertaining to the time of the subject incident, all letters of reference, all documents referencing investigation of said driver, driving history, all documents referencing any disciplinary actions or reprimands of Mr. Herrell as a result of this or any other incident, and any other document of any kind or by any name whatsoever which is in any way relative to the employment of said driver with Defendant.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 7:** Please produce copies of any and all documents obtained or generated as a result of Ronald Herrell's employment with Defendant Nelson Trucking Co., Inc. or its agents, officers, and employees' consideration of said employee for employment with Defendant or for driving vehicles owned by Defendant.

[3]

RESPONSE.

**REQUEST FOR PRODUCTION NO. 8:** Please produce any and all documents which in any way pertain to driver Ronald Herrell, deceased's, qualification (or lack thereof) to drive the subject vehicle.

RESPONSE.

**REQUEST FOR PRODUCTION NO. 9:** Please produce a complete copy of the driver's history maintained by the company, or obtained by the company, or obtained by any insurer, governmental source, or other private business entity for the benefit of Defendant with respect to said driver.

RESPONSE.

**REQUEST FOR PRODUCTION NO. 10:** Please produce copies of any and all information sent to or received from or through any of your insurers concerning the incident giving rise to this litigation, including but not limited to documents in the possession of your liability insurer with respect to the issue of liability in this case.

RESPONSE.

**REQUEST FOR PRODUCTION NO. 11:** Please produce copies of all motor vehicle records or reports of any kind received from any private corporation or service, or any governmental entity relative to the driving history, driving record, and driving infractions of Ronald Herrell, deceased, the driver who was operating the vehicle at the time of the collision which is the subject of this lawsuit since the commencement of said driver's employment with Defendant up to and through the date of trial.

RESPONSE.

[4]

**REQUEST FOR PRODUCTION NO. 12:** Please produce copies of all documentation of any kind received from any person or corporation or generated by Defendant's personnel relative to performance appraisals, criticisms, reprimands, infractions or driving offenses committed by the driver involved in the subject collision from any time subsequent to the time said driver became employed by Defendant up to and through the date of trial.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 13:** Please produce copies of all claims forms, accident reports, or other documentation evidencing any other collisions, accidents, or violations, by the driver of the vehicle involved in this collision, of the rules of the road of any state, and of any moving violations indicating that the driver of the subject vehicle has been previously involved in any collisions, accidents, or other moving violations.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of any and all documents filed as a part of an insurance claim with any insurer relating to the incident made the basis of this lawsuit.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 15:** Please produce copies of any and all log books, trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect trips made by the driver of the subject vehicle for the trip being made at the time of the collision and for the two weeks before and after this collision.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 16:** Please produce copies of any and all log

[5]

books, trip sheets, bills of lading, shipping documents, or any and all other documents of any kind or by any other name which reflect trips made by any other drivers with whom Mr. Herrell was "running with" for the trip being made at the time of the collision.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 17:** Please produce copies of any and all medical records, medical tests, alcohol or drug screens, or tests of any other kind or by any other name performed upon the deceased driver involved in the subject collision by any medical provider or law enforcement agency.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 18:** Please produce copies of any and all citations received from any law enforcement officer to include citations relative to any violation of any law, ordinance, or rule of the road of any state, as a result of this incident.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 19:** Please produce copies of any and all photographs of any vehicle involved in this collision, of Plaintiff's injuries, of the intersection/site of accident where the collision occurred, or any other photographs or demonstrative evidence relevant to any issue in this case.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 20:** Please produce any employee handbooks, policy or procedure manuals, memos, instructions or materials of any other name which are relevant to Defendant's policies regarding safety, safe operation of vehicles owned by and operated for Defendant, proper training, testing, hiring, retention, interviewing, or anything else

[6]

related to ensuring that drivers are safe drivers, know how to operate safely, and are qualified to drive for Defendant.

**RESPONSE.**

**REQUEST FOR PRODUCTION NO. 21:** Please produce the title to the truck owned by Nelson Trucking Co., Inc. which was involved in the subject incident.

**RESPONSE.**

Signed and dated this 3rd day of April, 2013.

OVERBY LAW OFFICE, P.C.

By: _____

C. Frederick Overby
*Attorney for the Plaintiff*

C. Frederick Overby, Esq.
OVERBY LAW OFFICE, P.C.
101 East Main Street, Suite C
Bozeman, Montana  59715
Telephone:  (406) 994-0000
Facsimile:  (406) 585-5888

*Attorney for Plaintiff*

IN THE THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY
STATE OF MONTANA
* * * * *

| | | |
|---|---|---|
| ROBERT G. FERRELL, | ) | |
| | ) | Cause No.  DV-13-0409 |
| Plaintiff, | ) | |
| | ) | Judge Russell C. Fagg |
| vs. | ) | |
| | ) | **PLAINTIFF'S REQUEST FOR** |
| NELSON TRUCKING CO., INC., | ) | **ADMISSION OF FACTS TO** |
| | ) | **DEFENDANT NELSON TRUCKING** |
| Defendant. | ) | **CO., INC.** |

COMES NOW Plaintiff and serves these Requests for Admission upon the named

Defendant and requests that they be fully admitted in writing and under oath within forty-five (45)

days of the date of service.  These Requests for Admission are served pursuant to the Federal

Rules of Civil Procedure.

EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEEMED

ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF

THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR

OBJECTION TO SUCH MATTER.

You are cautioned that should you fail to admit the genuineness of any document, or the

truth of any matter requested herein pursuant to the Federal Rules of Civil Procedure, and should

Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will

apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by

Plaintiff in making that proof, including reasonable attorney's fees.   The Court must make such

order unless it finds that the request was objectionable pursuant to the Federal Rules of Civil

Procedure, or that the admission sought was of no substantial importance, or that you had

reasonable grounds to believe that you might prevail on the matter, or that there was some other

good reason for failure to admit the matter.

The matters requested admitted are the following:

**REQUEST FOR ADMISSION NO. 1:**   Please  admit  that  Defendant  has  been

properly served with process in this action.

**ANSWER.**

**REQUEST FOR ADMISSION NO. 2:**   Please  admit  that  Defendant  raises  no

defenses as to insufficiency of process in this action.

**ANSWER.**

**REQUEST FOR ADMISSION NO. 3:**   Please admit that at the time of the collision

driver Ronald Herrell, deceased, was an employee of Defendant Nelson Trucking Co., Inc.

**ANSWER.**

**REQUEST FOR ADMISSION NO. 4:**   Please  admit  that  driver  Ronald  Herrell,

deceased, was acting within the course and scope of his employment and/or agency for Defendant

Nelson Trucking Co., Inc. at the time and place of the collision on April 27, 2010.

**ANSWER.**

**REQUEST FOR ADMISSION NO. 5:**   Please admit that all documents and things

-2-

produced by Defendant Nelson Trucking Co., Inc. in response to Plaintiff's discovery requests are authentic, true, and accurate copies of the documents and things they purport to represent and that Defendant waives any and all foundation objections as to such documents when the same are sought to be introduced at trial by Plaintiff.

**ANSWER.**

Signed and dated this 3rd   day of April, 2013.

OVERBY LAW OFFICE, P.C.

By: _____
C. Frederick Overby
*Attorney for the Plaintiff*

-3-